IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SONNY D. BALVIN, | ) | |
| | ) | |
| Petitioner, | ) | 8:15CV56 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| SCOTT FRAKES, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Sony D. Balvin (Balvin) has filed a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254 challenging his conviction for first-degree sexual assault. The Respondent (essentially the State of Nebraska) has filed an answer and a full and complete record of the state court proceedings. There is no need for an evidentiary hearing. The matter has been fully briefed.

I now deny the petition with prejudice. Albeit in summary fashion, the reasons for my denial follow next.

### *Balvin's Claims*

Balvin has two claims with various parts:

Claim One: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because trial counsel (a) failed to impeach Petitioner's accuser at trial; and (b) failed to raise a hearsay objection when the prosecution offered evidence of "recorded telephone conversations" between Petitioner and two other parties.

Claim Two: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because appellate counsel failed to argue that (a) trial counsel was ineffective for failing to impeach Petitioner's accuser; (b) trial counsel was ineffective for failing to raise a hearsay objection when the prosecution offered evidence of "recorded telephone conversations" between Petitioner and two other parties; (c) the trial court erred in admitting evidence of letters from Petitioner to his former girlfriend; and (d) the trial court erred in admitting testimony by Petitioner's fiancé concerning her sexual relationship with Petitioner.

(Filing no. 6.)

### *Brief Background*

In 2009, Balvin was convicted by a jury of first-degree sexual assault. As a result of his conviction, he was sentenced to 24 to 36 years of imprisonment. In addition, the trial court found that the offense was aggravated, which justified the imposition of lifetime community supervision after Balvin's release from prison.

On direct appeal, Balvin had new counsel, different from trial counsel. The conviction and prison sentence were affirmed by the Nebraska Court of Appeals, but the matter was remanded to the district court in order for a jury to make a finding concerning whether Balvin's offense was aggravated and, thus, made him subject to the imposition of lifetime community supervision. *State v. Balvin*, 18 Neb. App. 690, 791 N.W.2d 352 (2010) (*Balvin I*) (a petition for further review to the Nebraska Supreme Court was denied).

On remand, the district court amended the previously imposed sentence by removing the imposition of lifetime community supervision. Balvin remained sentenced to 24 to 36 years of imprisonment. Balvin appealed from the amended sentencing order. The Nebraska Court of Appeals affirmed the sentence. *State v.*

*Balvin*, No. A–11–244, 2011 WL 6251088 (Neb. App. Dec. 13, 2011) (a petition for further review to the Nebraska Supreme Court was denied) (*Balvin II* ).

Balvin then filed a state postconviction action, which was denied and dismissed by the district court. His appeal was unsuccessful as well. State v. Balvin, No. A-13-529, 2014 WL 3421148, at *1 (Neb. Ct. App. July 15, 2014) (a petition for further review was denied by the Supreme Court on November 19, 2014).

Balvin filed his petition in this court on February 17, 2015. The Respondent has answered. The Respondent has also filed the state court records. (Filing no. 9.) The matter has been briefed and is now submitted.

### *Legal Overview*

The law on federal habeas corpus is well-established. Therefore, I provide only an overview of the most pertinent aspects of that law as applied to this case. I proceed to that task next.

### *Exhaustion and Procedural Default*

As set forth in 28 U.S.C. § 2254:

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)   (i)   there is an absence of available State corrective process; or

(ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See* Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and

adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

### Nebraska Law Relevant to Procedural Default

In Nebraska, when it comes to the issue of raising ineffective assistance of trial counsel on direct appeal, "[w]e have said that in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review." *State v. York*, 731 N.W.2d 597, 602 (2007).

Under Nebraska law, you don't get two bites of the postconviction apple; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002).

### Deference Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*

### Ineffective Assistance of Counsel

The two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984) governs the merits of an ineffective assistance of counsel claim. *Strickland* requires that a petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance. *Knowles v. Mirzyance*, 556 U.S. 111, 121-123 (2009). In the habeas context, there is doubly deferential standard of review because *Strickland* is a general standard, and habeas review by the very nature of the remedy requires deference to the separate sovereign's decision. *Id.*

### Analysis of Balvin's Claims

As noted earlier, Balvin brings two claims. However, each claim has multiple parts. I will proceed to briefly examine each claim.

### Claim 1(a) and Claim 2(a)–Trial counsel failed to impeach Balvin's accuser at trial, and appellate counsel erred by failing to assert that issue.

As Balvin has phrased this portion of his claims, they are procedurally defaulted in that they were not fairly presented to the Nebraska courts, and there is no available state remedy to pursue them.

Besides, what Balvin's is really complaining about is not his counsel's performance, but the refusal of the state trial judge to allow trial counsel to impeach Balvin's victim with a prior police report. That issue was thoroughly discussed by the Nebraska Court of Appeals in *Balvin I*, 791 N.W.2d at 362-364 (Defendant charged with first-degree sexual assault was not entitled under Confrontation Clause to admission of extrinsic evidence to prove that complainant had made a prior false report of sexual assault 11 years earlier when she was 10 years old; complainant stated that she could not recall making such a report, and the circumstances of the prior report were significantly different from the incident between the defendant and the complainant). Balvin cannot now clothe his real argument in the garment of ineffective assistance of counsel. Even if he could, the deferential standard of review dooms this claim.

Still further, in *Balvin III*, the Nebraska Court of Appeals made it clear that appellate counsel's performance was not deficient for failing to attack trial counsel on direct appeal for failing to call a police officer to testify about the report that trial counsel could not get into evidence regarding the victim's report made when she was 10 years of age. *Balvin III*, 2014 WL 3421148, at *5 ("Accordingly, Balvin's trial counsel's performance was not deficient when he failed to offer the testimony of the police officer. Such offer would not have been successful pursuant to the language of rule 608(2). Because any offer of the testimony of the police officer would not have been successful, Balvin's appellate counsel was not deficient in failing to raise this issue in his direct appeal.")  Once again, even if I reviewed this claim on the merits, the deferential standard requires dismissal.

> ***Claim 1(b)and Claim 2(b)–Trial counsel failed to raise a hearsay objection when the prosecution offered evidence of "recorded telephone conversations" between Balvin and two other parties, and appellate counsel was ineffective for failing to raise the issue.***

This claim is frivolous. Balvin's trial counsel did object to the recordings. *Balvin III,* 2014 WL 3421148, at *5 ("Before any of the recordings were played for the jury, Balvin's counsel objected generally to the admission of the recordings, arguing, 'I believe the CD in question does contain hearsay and does contain statements other than that of . . . Balvin.' The district court overruled the objection.'") As an aside, the recordings were clearly admissible, as Balvin was one of the speakers, and the other speakers' statements could be received in evidence to place Balvin's statements in context, among other reasons.

> ***Claim 2(c)–The trial court erred in admitting evidence of letters from Balvin to his former girlfriend, and appellate counsel was ineffective for failing to raise that issue.***

This issue was decided against Balvin in *Balvin III*, 2014 WL 3421148, at *7-8 (holding, among other things, that Balvin's own letters were not hearsay, that they

were relevant as they were tantamount to admissions of guilt, and that appellate counsel was not ineffective as a result). Giving due deference to the thoroughly reasoned opinion of the Nebraska Court of Appeals, there is obviously no meritorious federal claim.

### Claim 2(d)–The trial court erred in admitting testimony by Balvin's fiancé concerning her sexual relationship with Balvin, and appellate counsel was ineffective for failing to raise that issue.

This issued was decided against Balvin in *Balvin III*, 2014 WL 3421148, at *8-9 ("Because Blaker's testimony about her and Balvin's physical relationship was relevant to prove the State's theory about motive and because Balvin cannot show prejudice as a result of the testimony, his appellate counsel was not ineffective in failing to raise the admissibility of such testimony on direct appeal.") Again, the Nebraska Court of Appeals thoroughly examined Balvin's claim and found it wanting. Giving that decision the deference it is due, this claim must be denied.

### Certificate of Appealability

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Balvin has failed to make a substantial showing of the denial of a constitutional right. I am not persuaded that the issues raised in Balvin's petition are debatable among reasonable jurists, that a court could resolve the issues

differently, or that the issues deserve further proceedings. Accordingly, I will not issue a certificate of appealability in this case.

IT IS ORDERED that judgment will be entered for the Respondent and against the Petitioner, providing that the Petitioner shall take nothing, and his habeas corpus petition (Filing no. 1) is denied and dismissed with prejudice. No certificate of appealability will be issued. A separate judgment will be entered.

DATED this 13th day of January, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.